**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2320

ATTORNEYFIRST, LLC, a West Virginia limited
liability company,

Plaintiff - Appellant,

versus

ASCENSION ENTERTAINMENT, INCORPORATED, a
Delaware corporation; STEVEN LOPEZ,
individually; JURISFIRST, LLC, a Nevada
limited liability company; ACADEMY MORTGAGE
CORPORATION, a Utah corporation, doing
business as JurisTrust,

Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. Joseph Robert Goodwin,
Chief District Judge. (2:03-cv-02467)

Submitted: September 10, 2007      Decided: September 20, 2007

Before WILKINSON and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Edward Pope Tiffey, EDWARD P. TIFFEY, PLLC, Charleston, West
Virginia, for Appellant. R. Terrance Rodgers, ALLEN GUTHRIE MCHUGH
& THOMAS, PLLC, Charleston, West Virginia; Richard F. Neely, NEELY
& HUNTER, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

AttorneyFirst, LLC brought this action against Ascension Entertainment, Incorporated ("Ascension"), Steven Lopez, JurisFirst, LLC ("JurisFirst"), and Academy Mortgage Corporation ("Academy"), alleging breach of contract by Ascension and Lopez; negligence and unjust enrichment by Academy; tortious interference with contractual relations by JurisFirst and Academy; and fraud, conversion, and violation of the West Virginia Computer Crime and Abuse Act, W. Va. Code §§ 61-3C-1 - 61-3C-21 (2007), by all Defendants. A jury rendered a verdict in favor of AttorneyFirst on a breach of contract claim against Ascension and Lopez, and the remaining claims were dismissed by the district court as a result of various motions by the Defendants. AttorneyFirst argues that the district court erred when it: (i) granted summary judgment against AttorneyFirst on its negligence claim against Academy; (ii) granted Defendants' motions for judgment as a matter of law on AttorneyFirst's conversion, unjust enrichment and breach of the confidentiality agreement claims; and (iii) would not allow AttorneyFirst to recall Lopez to the witness stand. Finding no error, we affirm.

First, we find the district court correctly granted summary judgment on AttorneyFirst's negligence claim against Academy because Academy owed no duty of care to AttorneyFirst. See Robertson v. LeMaster, 301 S.E.2d 563, 566 (W. Va. 1983) ("[T]o

- 3 -

establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken."); see also Aikens v. Debow, 541 S.E.2d 576, 589-92 (W. Va. 2000) (holding that in the absence of personal or property damage or a contractual relationship, a party alleging negligence resulting only in economic loss must establish a special relationship between the plaintiff and the tortfeasor). Since AttorneyFirst did not allege personal or property damage, or the existence of a contractual or special relationship with Academy, AttorneyFirst could not state a negligence claim against Academy. Because we find the district court correctly granted Academy's summary judgment motion on AttorneyFirst's negligence claim, we also find the district court correctly excluded as irrelevant AttorneyFirst's proposed expert testimony to the extent the testimony pertained to the negligence claim.

Because substantial deference is due a district court's evidentiary rulings and reversal may occur only when there has been an abuse of discretion, see General Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997), we also find it was within the district court's discretion to refuse admission of Attorney First's evidence of damages. See United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997) (recognizing that this court will find an abuse of

discretion only if the district court's evidentiary ruling was arbitrary or irrational). Since AttorneyFirst was unable to prove it suffered damage as a result of Defendants' alleged conduct, we also conclude the district court correctly granted Defendants' motions for judgment as a matter of law on AttorneyFirst's conversion and unjust enrichment claims. Wheatley v. Wicomico County, 390 F.3d 328, 332 (4th Cir. 2004) (holding that a motion for judgment as a matter of law "is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof").

Additionally, although AttorneyFirst asserts that the district court erred when it granted Lopez and Ascension's motion for judgment as a matter of law on its claim for breach of the confidentiality agreement because the jury might have awarded it nominal damages, we conclude that even if the district court erred by not allowing the jury to determine whether nominal damages were appropriate, the possibility of a nominal damages award is insufficient to warrant a new trial. See Restatement (Second) of Contracts § 346(b). Accordingly, we uphold the district court's order granting judgment as a matter of law on AttorneyFirst's claim for breach of the confidentiality agreement.

Finally, because "[a] district court has the discretion to place reasonable limits on the presentation of evidence," see United States v. Ford, 88 F.3d 1350, 1362 (4th Cir. 1996)

(citations omitted), we conclude the district court did not abuse its discretion when it denied AttorneyFirst's request to recall Lopez to the witness stand so he could authenticate an exhibit. Although AttorneyFirst had ample opportunity to authenticate the exhibit during Lopez's extensive testimony, AttorneyFirst chose not to do so. Accordingly, we find that it was not error for the district court to refuse AttorneyFirst's request to recall Lopez at the end of the trial. See id.

For the foregoing reasons, we affirm the district court's orders granting Academy's summary judgment motion on AttorneyFirst's negligence claim, and granting in part and denying in part Defendants' Fed. R. Civ. P. 50 motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED